# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**  CASE NO: 6:18-cr-109-Orl-31LRH

**CHRISTOPHER C. COBURN**

### ORDER

This Matter comes before the Court on the Defendant's Motion for Judgement of Acquittal (Doc. 108), the Defendant's Renewed Motion for Judgment of Acquittal (Doc. 118), the Defendant's Motion for New Trial (Doc. 122), and the Government's Response (Doc. 124).

**I.  Background**

During a jury trial that ended on June 26, 2019, the Court became aware of a related case, *United States v. Sicard*, that was not disclosed as a related case under Local Rule 1.04(d). In open court, the Defendant moved for judgment of acquittal, and the Court reserved ruling on the motion. Docs. 108, 109. The Jury found the Defendant guilty on five counts of bankruptcy fraud and two counts for falsification of records in a bankruptcy proceeding. The following day, the Court entered an order directing the Government to show cause as to why *Sicard* was not identified as a related case. Doc. 116. In its Response to the Show Cause Order, the Government stated that the nondisclosure was unintentional and unprejudicial.[1] Doc. 117 at 1. The Defendant filed a Reply to the Response to the Show Cause Order, arguing that he was prejudiced by the failure to disclose the pending case against Sicard. Doc. 119 at 4.

---

[1] The Government explained that an investigative report that was produced to the Defendant mentioned Sicard by name, and that other documents provided by a related witness and produced to the Defendant included specific references to Sicard.

On July 3, 2019, the Defendant filed a Renewed Motion for Judgment of Acquittal (Doc. 118), and on July 9, 2019, the Defendant filed a Motion for New Trial (Doc. 122). The Government responded (Doc. 124) on July 16, 2019.

**II. Analysis**

**A. Motion for Acquittal**

With respect to Defendant's Motion for Acquittal, Fed. R. Crim. P. 29 requires the Court to view the evidence in the light most favorable to the United States and accept all reasonable inferences tending to support the government's case. *U.S. v. Hernandez*, 433 F.3d. 1328 (11th Cir. 2005).

In order to sustain a conviction for falsification of records in a bankruptcy proceeding in violation of 18 U.S.C. § 1519, the Government must have proven three elements: (1) the Defendant made a false entry in a record, document, or tangible object; (2) the Defendant did so knowingly; and (3) the Defendant intended to impede, obstruct, or influence the proper administration of a case under Title 11. The falsification of records charges brought against the Defendant dealt with an application for Fee Waiver pertaining to Sandra Arce, which was filed twice in different bankruptcy proceedings for the same witness. Doc. 118 at 1. The Defendant argues that, because there was no direct evidence that he falsified records—Arce denied the signature on the application was hers and said she did not know who filed the application—there was insufficient evidence for the jury to find the Defendant guilty.

In order to sustain a conviction for bankruptcy fraud, the Government must have proven three elements: (1) the Defendant voluntarily and intentionally devised, or intended to devise, or participated in a scheme or plan to defraud, with knowledge of its fraudulent intent, which scheme is described as charged in the indictment; (2) the Defendant did so with intent to defraud; and (3)

the Defendant filed a petition in a Title II bankruptcy proceeding for the purpose of executing or attempting to execute the scheme or plan to defraud. In support of the bankruptcy fraud charges, the Government introduced voluntary petitions for bankruptcy, four in Sandra Arce's name and one in Jose Rivera's name, and checks paid to the Defendant by Arce and Rivera. Both of them denied signing the petitions. Doc. 118 at 3. Hijada testified for the Government, stating that he had accompanied the Defendant to bankruptcy court a few times and that he had only been involved in filing a few bankruptcy petitions. [2] Hijada did not testify that he saw the Defendant forge petitions.

As explained in the jury instructions, direct evidence is unnecessary to sustain a conviction. The Government introduced evidence from which the jury could conclude that the Defendant communicated with individuals who were facing foreclosure and persuaded them to pay him in exchange for help in stopping the foreclosures. After those communications, petitions for bankruptcy and fee waiver forms were filed. The witnesses testified that they had no intention of legitimately filing for bankruptcy and that Coburn was the person who offered to help them by filing paperwork. Here, there was sufficient circumstantial evidence to find the Defendant guilty of falsification of records in a bankruptcy proceeding and of bankruptcy fraud.

### B. Motion for New Trial

The Defendant also moves for a new trial under Federal Rule of Criminal Procedure 33(a). Rule 33(a) provides that, "[u]pon the defendant's motion, the court may vacate any judgment and

---

[2] Hijada pled guilty to bankruptcy fraud, and in the plea agreement, he admitted to "preparing or filing, or directing others to prepare and file, at least 58 Chapter 7 and Chapter 13 bankruptcy petitions where he collected preparation fees." *United States v. Hijada*, 6:18-cr-209, Doc. 2.

grant a new trial if the interest of justice so requires." The Defendant incorporates his Reply to the Response to the Show Cause Order into his Motion for New Trial by reference. Doc. 122 at 1.

First, the Defendant argues that he should receive a new trial "[b]ecause the government failed to introduce evidence sufficient to establish the requisite intent to defraud on the part of Mr. Coburn." Doc. 122 at 1. However, as discussed above, the evidence was sufficient to sustain a guilty verdict.

At trial, the Court was troubled by the Government's failure to disclose a related case, *United States v. Milton Sicard*, to the defense. Defense counsel conveyed that they were unaware of the case and that Sicard had entered into a plea agreement. According to the plea agreement, Sicard was involved in the scheme with Michael Hijada, who testified for the Government during Coburn's trial.

The Defendant contends that the conduct of the Government in improperly failing to identify the plea agreement for a defendant who is directly related to the case for which the government's main witness was testifying pursuant to his own plea agreement rises to the level of Constitutional error. Doc. 122 at 1-2. The Defendant's argument as to why this violated the Constitution is brief: it allegedly "substantially impaired Mr. Coburn's rights under the Sixth and Fourteenth Amendments to the Constitution and invariably affected the jury's verdicts." Doc. 122 at 3. The Defendant does not, however, explain how it violated his rights, or how the theory of defense or preparation for trial would have been any different had defense counsel been informed of *Sicard*. Sicard's plea agreement indicates that he was involved in thirty-two fraudulent bankruptcy petitions, while Hijada was involved in fifty-eight such petitions. Defense counsel knew about Hijada's involvement in the scheme, and it is not apparent how the knowledge of Sicard's plea agreement would have benefited the defense. Defense counsel's bare conclusion of

prejudice is simply not enough to warrant a new trial in the interests of justice. And, defense counsel cites to no authority for the proposition that failure to disclose the Sicard plea agreement rises to the level of a constitutional violation.

### III. Conclusion

For the foregoing reasons, the Defendant's Motion for Judgment of Acquittal (Doc. 108), Renewed Motion for Judgment of Acquittal (Doc. 118), and Motion for New Trial (Doc. 122) are **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on July 22, 2019.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant